**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANIEL A. HELEVA,** | : | **CIVIL ACTION NO. 1:05-CV-1139** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **SGT. JOSEPH KRAMER**, et al., | : | |
| | : | |
| **Defendants** | : | |

## ORDER

Presently before the court is an amended complaint filed by Daniel A. Heleva

("Heleva").  Heleva is presently proceeding *in forma pauperis*.  For the reasons that

follow, the amended complaint will be dismissed pursuant to  28 U.S.C. §1915(e).

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at

any time if the court determines that (B) the action  . . .  (ii) fails to state a claim on

which relief may be granted . . . " 28 U.S.C. §1915(e)(2)(B)(ii).  The applicable

standard of review is the same as the standard for a 12(b)(6) motion. Grayson v.

Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002).  A complaint that does not

establish entitlement to relief under any reasonable interpretation is properly

dismissed without leave to amend.  Id. at 106.

Heleva alleges that while he was incarcerated at the Monroe County

Correctional Facility ("MCCF"), he ordered two religious books from "Lifeway

Christian Resources" entitled "Survival Kit: 5 ways to Spiritual Growth" and "The

Power of a Praying Parent."  (Doc. 18, p. 2).  The books were received at the

institution on October 31, 2002, but were "lost" until January 10, 2003.  Once the

books were located, Helava was informed that he could not receive the books because they were oversized.  He utilized the grievance procedure, but experienced numerous delays.  He eventually received the books in June of 2003.  He seeks compensatory and punitive damages and declaratory and injunctive relief.

In order to prevail on a § 1983 claim, Heleva must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000); Schiazza v. Zoning Hearing Bd., 168 F.Supp.2d 361, 372 (M.D.Pa. 2001).

Prisoners must be afforded "reasonable opportunities" to exercise their religious freedom guaranteed by the First Amendment. Cruz v. Beto, 405 U.S. 319, 322 n.2 (1972).  However, imprisonment necessarily results in restrictions on some constitutional rights, including the First Amendment's right to the free exercise of religion.  O'Lone v. Shabazz, 482 U.S. 342, 348-49 (1987).  It is well-established that only those religious beliefs which are (1) sincerely held, and (2) religious in nature are entitled to constitutional protection.  Wisconsin v. Yoder, 406 U.S. 205, 215-19 (1972); Dehart v. Horn, 227 F.3d 47, 51 (3d Cir. 2000); Africa v. Pennsylvania, 662 F.2d 1025, 1029-30 (3d Cir. 1981)(describing three indicia of religion (1) an attempt to address "fundamental and ultimate questions" involving "deep and imponderable matters"; (2) a comprehensive belief system; and (3) the presence of formal and external signs like clergy and observance of holidays.).

While Heleva identifies the books as "religious," the titles suggest that the books are self-help spiritual books.  Heleva states that "the books were bought and shipped to MCCF as a gift so that this plaintiff could learn to pray constructively and offer these concerns to the grace of his God." (Doc. 19, p. 2).  There is no indication that the denial of the books adversely impacted a sincerely held religious belief.[1]  Hence, he is not entitled to any constitutional protection.

Further, the loss of personal property at the hands of a state actor does not constitute a constitutional violation if a meaningful post-deprivation remedy is available.  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Pennsylvania tort law offers a remedy for a prison official's unlawful deprivation of an inmate's property.  See 42 PA. CONS. STAT. ANN.  §8522(b); See Hicks v. Feeney, 770 F.2d 375, 378 (3d Cir. 1985); Payton v. Horn, 49 F. Supp 2d 791, 795 (E.D. Pa. 1999); Austin v. Lehman 893 F. Supp. 448, 454 (E.D. Pa., 1995).  Since Heleva has an available state remedy for pursuit of the deprivation of his property, he fails to state a constitutional violation.

Lastly, there is no constitutional right to a grievance procedure.  See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U. S. 119, 137- 38 (1977); Wilson v. Horn, 971 F. Supp. 943, 947 ( E. D. Pa. 1997).  While prisoners do have a constitutional right to seek redress of their grievance from the government, that right is the right of access to the courts and such a right is not compromised by the

[1]Further, based on the three indicia of religion set forth in Africa, 662 F.2d at 1030, it is concluded that providing an opportunity to amend would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002).

failure of the prison to address an inmate's grievance.  See Booth v. King, 346 F.

Supp. 2d 751, 761 ( E. D. Pa. 2004).  While the difficulties Heleva encountered while

utilizing the grievance procedure are unfortunate, he fails to state a viable claim.

AND NOW, this  27th day of January, 2006, upon consideration of plaintiff's

amended complaint (Doc. 18), it is hereby ORDERED that:

1.      The amended complaint (Doc. 18) is DISMISSED for failure to state a
        claim on which relief may be granted.  See 28 U.S.C. §1915(e)(2)(B)(ii).

2.      The Clerk of Court is directed to TERMINATE all pending motions.
        (Docs. 14, 25).

3.      The Clerk of Court is further directed to CLOSE this case.

4.      Any appeal from this order is DEEMED frivolous and not in good faith.
        See 28 U.S.C. § 1915(a)(3).


                          /s/ Christopher C. Conner
                         CHRISTOPHER C. CONNER
                         United States District Judge